UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **LESTER COMEAUX** | **CASE NO. 6:22-CV-05629** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **AEGIS SECURITY INSURANCE CO** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the court is a Motion for Summary Judgment [doc. 22] filed by defendant Aegis Security Insurance Company. Plaintiff has filed a notice of no opposition. Doc. 24.

### I.
#### BACKGROUND

This suit arises from alleged damage to plaintiff's home at 359 Mushroom Road, Arnaudville, Louisiana, in Hurricane Delta. That storm made landfall in Southwest Louisiana on October 9, 2020. Plaintiff, who was then represented by attorneys from the firm of McClenny, Moseley & Associates PLLC ("MMA"), filed suit in this court on October 7, 2022, alleging that the property had been insured by Aegis and that Aegis failed to timely and adequately compensate him for his covered losses. Doc. 1. Accordingly, he asserted claims for breach of contract and bad faith under Louisiana law. Shortly thereafter, the court stayed the hundreds of hurricane suits filed by MMA due to irregularities including duplicate filings, suits filed against the wrong insurer, and suits filed on behalf of plaintiffs who had settled their claims. *See* doc. 2.

New counsel enrolled for plaintiff and the stay was thus lifted on July 12, 2023. Doc. 14. Aegis then filed a motion for summary judgment, setting forth evidence that neither it nor its underwriter, Homesite Insurance Company, insured the property on the date of loss. *See* doc. 22, att. 2 (declaration of claims manager David Sayers). Instead, Aegis shows, it only issued a policy to plaintiff in December 2021—over one year after Hurricane Delta made landfall. Doc. 22, att. 3 (Aegis policy). Accordingly, it seeks dismissal of all plaintiff's claims. Plaintiff has filed a notice of no opposition to Aegis's motion, reserving all rights against former counsel. Doc. 24.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is

not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III.
### LAW & APPLICATION

Aegis has shown by competent summary judgment that it had no insurance policy in effect covering plaintiff's property on the alleged date of loss. Plaintiff has effectively conceded same through his failure to oppose the motion for summary judgment. Aegis can thus have no liability for any failure to compensate plaintiff for his Hurricane Delta losses.

### IV.
### CONCLUSION

For the reasons stated above, the Motion for Summary Judgment [doc. 22] will be **GRANTED** and all claims in this matter will be **DISMISSED WITH PREJUDICE.**

**THUS DONE AND SIGNED** in Chambers on the 7th day of November, 2023.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE